UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 15 CR 706 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ADNAN VADRIA and ) | |
| UMAIR YASIN ) | |

**GOVERNMENT'S JOINT SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits its Joint Sentencing Memorandum. For the reasons set forth below, the government requests that this Court sentence both of the defendants to a term of imprisonment of 30 months - the low end of the sentencing guideline range of 30 – 37 months - a sentence that is supported by the factors to be considered under 18 U.S.C. § 3553(a).

**I.     Factual Background**

As set forth in great detail in the Government's Versions of the Offense, the defendants, through their company AU Electronics, engaged in a scheme to transport stolen electronics, primarily smartphones and iPads, from Illinois to customers located in Dubai, Hong Kong, and other places outside Illinois. Through their conduct, the defendants encouraged others to obtain electronics through fraud and theft, which harmed and endangered the public. The loss amount of stolen and fraudulently obtained items that were shipped out of state, for sentencing purposes, is

1

approximately $394,490. However, although the government is not taking the position that every purchase by AU involved stolen merchandise, the Court should not be left with the impression that the only stolen products purchased by AU were the items comprising the above loss amount. The volume of stolen merchandise acquired by AU was substantially higher and the government is prepared to present witnesses and exhibits, if necessary, to address the issue.

## II.     Guidelines Calculation

The government agrees that the guideline range set forth in the Presentence Investigative Reports is accurate. More specifically, the applicable advisory guideline range is 30 to 37 months' imprisonment.

## III.    Application of § 3553(a) Factors

As part of the sentencing process, the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) and impose a sentence that is sufficient, but not more than necessary, to achieve the goals of sentencing.  In particular, Section 3553(a) requires the Court to consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; and (4) to afford adequate deterrence. The government's focus in this memorandum is on two factors – the nature and circumstances of the offense and general deterrence. Based on these factors alone, it is the government's position that a term of imprisonment of 30 months, the low end of the guideline range, comports

with the statutory directive that the sentence be sufficient, but not greater than necessary, to comply with the purposes of § 3553(2).

1. *Nature and Circumstance of the Offense*

By shipping stolen merchandise overseas, the defendants' conduct potentially thwarted law enforcement from retrieving the stolen merchandise.[1]

More concerning, however, their conduct facilitated third party criminal activity through the creation of a marketplace for stolen merchandise. The defendants further encouraged third party criminal activity by placing specific orders for merchandise with criminal actors. By providing customers whom they knew sold stolen merchandise to AU with a list of electronics that AU needed or desired, the defendants encouraged those customers to steal additional electronics.

For example, defendant Yasin asked an undercover Secret Service agent ("UC") dressed as a UPS driver how he obtained the phones he was selling to AU. The UC stated that at his "work at UPS, boxes come up missing." Yasin, unconcerned that the UC had just admitted that the phones were stolen, told the UC to bring him iPhone 5s and he would buy as many as the UC could provide. In effect, Yasin directed the UC to steal more phones.

In another instance, an AU employee asked Individual A, who entered the AU store with a co-worker who was wearing a UPS uniform, if Individual A worked at UPS or FedEx. When Individual A answered in the affirmative, the employee gave

---

[1] "Once it gets overseas, it's virtually impossible to track a phone back here to the person who committed the crime." Jerry Deaven, Department of Homeland Security. https://www.huffingtonpost.com/2013/07/13/smartphone-black-market_n_3510341.html

the individual a list of phones to obtain. It is unlikely the AU employee was acting without the direction of the defendants as the employees informed the government that the defendants operated AU with a tight grip.

A third example involved Jimmie Moon, who has been prosecuted for credit card fraud, who informed the government that AU provided him with a list of "hot products" which he used as a shopping list for electronics he purchased with fraudulent credit cards and then sold to AU.

By providing a marketplace for stolen merchandise and then encouraging others to steal electronics, the defendants' conduct had ramifications that had a serious impact on communities, merchants and companies who were the victims of the thefts. As law enforcement official have observed, "These scams literally wreak havoc on local communities, because they create incentives for unscrupulous individuals to engage in all types of criminal activity to get their hands on phones."[2] This is precisely what defendants did here: for many months, defendants incentivized criminal activity from others to make their own criminal trafficking scheme more lucrative for themselves. The Court should consider the impact of their actions in fashioning an appropriate sentence.

---

[2] Marlon Miller, special agent in charge of Homeland Security Investigations in Detroit. https://www.huffingtonpost.com/2014/10/16/stolen-iphone-trafficker_n_5997714.html

## 2. General Deterrence

The black market for stolen cell phones is significant. According to a July 26, 2017 article by DNA Info regarding the Chicago City Counsels' efforts to reduce cell phone thefts, "[f]ederal officials estimate that 1 in 3 robberies involve the theft of a mobile device, and the cost to U.S. consumers is in the tens of billions of dollars."[3]

In April 2013, federal law enforcement agents executed a search warrant at Ace Wholesale, a business similar to AU, in the Eastern District of Michigan. The agents were seeking evidence of the trafficking of stolen smartphones. The next day, the defendants closed their Oak Park and Bedford storefront locations, and operated only from their Lincolnwood office. Not only had the defendants quickly learned of the search warrant, but the Michigan investigation caused the defendants to take measures to alter their method of operations. This demonstrated an awareness of their own criminal activity and the potential law enforcement scrutiny they may come under.

Given how quickly the defendants learned of the Michigan investigation, it can be expected that their sentence will spread throughout the community of electronic stores. The stick of a guideline range sentence will hopefully have some deterrent effect on those in that community who purchase stolen cell phones. That deterrent effect could then have an impact on the market for stolen electronics and could possibly result in a reduction of the theft of cell phones.

---

[3] https://www.dnainfo.com/chicago/20170726/ravenswood/stolen-cell-phone-market-target-of-new-rahm-crackdown/

## IV. Conditions of Supervised Release

The government recommends the following conditions of supervised release for each defendant:

**Mandatory Conditions:**

- The defendant shall not commit another federal, state or local offense. *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(1).

- The defendant shall not unlawfully possess a controlled substance. *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(2).

- The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a). *See* 18 U.S.C. § 3583(d); Guideline § 5D1.3(a)(8).

- The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013. *See* Guideline § 5D1.3(a)(6)(B).

**Discretionary Conditions to Promote Respect for the Law and Deter the Defendant From Committing Future Crimes:**

- The defendant shall not leave the judicial district in which the defendant is being supervised without the permission of the court or the probation officer. *See* Guideline § 5D1.3(c)(1);

- The defendant shall report to the probation officer as directed by the probation officer. *See* Guideline § 5D1.3(c)(2);

- The defendant shall follow the instructions of the probation officer. *See* Guideline § 5D1.3(c)(3);

- The defendant shall notify the probation officer of any change in residence, employer, or workplace within 72 hours. *See* Guideline § 5D1.3(c)(6);

- The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity. *See* Guideline § 5D1.3(c)(9).

- The defendant shall permit the probation officer to visit the defendant at home or work at any reasonable time, and to confiscate any contraband in plain view of the officer. *See* Guideline § 5D1.3(c)(10).

- The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. *See* Guideline § 5D1.3(c)(11).

- The government further requests as a special condition of supervised release, that the defendants be barred from operating, or being employed at, any business involved in the purchase or sale of electronics.

**Discretionary Conditions to Ensure Safety to Others:**

- Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon. *See* 18 U.S.C. § 922(g); Guideline § 5D1.3(d)(1).

### V. Restitution and Forfeiture

Pursuant to Title 18, United States Code, Section 3663A, the Court must order the defendants to collectively make full restitution of $20,000 to the Chicago Public Schools, which amount shall reflect credit for any funds repaid prior to sentencing. The defendants have agree to pay additional restitution, arising from the relevant conduct, of $180,930 to AT&T and $193,560 to Verizon, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

The defendants have also agreed to forfeit $246,197.44 seized by law enforcement on September 11, 2013, from a JP Morgan Chase Bank Account in the name of AU Electronics, Inc. The government has previously filed Preliminary Orders of Forfeiture.

**VI.     Conclusion**

The government requests that the Court sentence the defendants to a term of imprisonment at the low end of the applicable Guideline range of 30 to 37 months, in addition to restitution, forfeiture and supervised release.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     */s/ Barry Jonas*
         BARRY JONAS
         MATTHEW EBERT
         NANI GILKERSON
         Assistant United States Attorneys
         219 South Dearborn Street, 5th Floor
         Chicago, Illinois 60604
         (312) 353-5300